UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEOPOLD MPAWINAYO #260365, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:22-cv-00545 ) Judge Trauger |
| KIMBERLIN ROTHWELL, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM

Leopold MPawinayo, a pretrial detainee at the Davidson County Sheriff's Office in Nashville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed as a pauper. (Doc. No. 2.) This case is before the court for initial review, as required by the Prison Litigation Reform Act. And as explained below, this case will be dismissed as frivolous because it is duplicative of a prior case the plaintiff filed in this court.

### I.  Application to Proceed as a Pauper

An inmate may bring a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). The plaintiff's application to proceed as a pauper reflects that he cannot pay the full fee in advance, so the application (Doc. No. 2) will be granted, and he will be assessed the fee. 28 U.S.C. § 1915(b).

### II.  Initial Review

The court must review and dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). In doing so, the court must hold the complaint to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A. Allegations

The complaint in this case is titled "Complaint under 42 U.S.C. 1983 alleging wrongful arrest improper investigation of crime." (Doc. No. 1 at 1.) The plaintiff alleges that Metropolitan Nashville Police Department (MNPD) Detective Kimberlin Rothwell and the City of Nashville—the two named defendants in this case—conspired to charge and arrest him for crimes he did not commit and that they "should have recognized he did not commit." (*Id.* at 3.) He similarly takes issue with the defendants' investigation of his charges. (*Id.* at 3–4.) The plaintiff references multiple pending cases in the complaint, so to aide in the court's review, the court will take judicial notice of the plaintiff's pending charges from the Davidson County Criminal Court Case Information database. *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

In Case No. 2020-A-212 ("First Case"), the plaintiff is charged with aggravated kidnapping, aggravated assault, and making a false report.[1] In Case No. 2020-A-270 ("Second Case"), the plaintiff is charged with especially aggravated kidnapping, aggravated assault, and four counts of aggravated rape.[2] And in Case Nos. 2021-D-1901 and 2021-D-1902 ("Third Cases"), the plaintiff is charged with rape of a child and two counts of aggravated rape, respectively.[3]

---

[1] *See* https://sci.ccc.nashville.gov/Search/CaseSearchDetails/2212023%5E5326167%5ECJIS/LEOPOLD%5EMPAWINAYO%5E04051971%5E260365/ (last visited Oct. 3, 2022).

[2] *See* https://sci.ccc.nashville.gov/Search/CaseSearchDetails/2212878%5E5328566%5ECJIS/LEOPOLD%5EMPAWINAYO%5E04051971%5E260365/ (last visited Oct. 3, 2022).

[3] *See* https://sci.ccc.nashville.gov/Search/CaseSearchDetails/2275537%5E5517702%5ECJIS/LEOPOLD%5EMPAWINAYO%5E04051971%5E260365/; https://sci.ccc.nashville.gov/Search/CaseSearchDetails/2275536%5E5517700%5ECJIS/LEOPOLD%5EMPAWINAYO%5E04051971%5E260365/ (last visited Oct. 3, 2022).

The plaintiff alleges that, in November 2021, the Third Cases were filed against him by a representative of Detective Rothwell. (Doc. No. 1 at 1.) The plaintiff says these charges are "false" and were filed as a delay tactic because the state did not have the evidence necessary to proceed to trial on "the current or prior charges," which was scheduled for December 2021. (*Id.*) Rothwell set the bond for the Third Cases at $400,000 "without [a] court judicial officer or [a] hearing for probable cause." (*Id.* at 2.) The plaintiff was not arraigned in these cases, and he has not been "provided any document [] showing that he committed crimes to the victims' names." (*Id.*)

Five days before the scheduled trial in December 2021, the plaintiff's attorney withdrew without notice or a hearing. (*Id.*) He alleges that the trial court has not appointed him a new attorney since then. (*Id.*) According to the Davidson County database, however, the plaintiff's attorney of record in all of his cases is Sean Thomas McKinney.[4]

### B. Analysis

To survive screening, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint necessarily "fail[s] to state a claim upon which relief can be granted" if it is "legally frivolous." *Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 328–29 (1989)). Legally frivolous complaints include those that are "duplicative of [an] earlier action." *Peoples v. Reno*, No. 00-1086, 2000 WL 1477502, at *1 (6th Cir. Sept. 26, 2000) (collecting cases); *see also Cummings v. Mason*, No. 1:11-cv-649, 2011 WL 2745937, at *1 (W.D. Mich. July 13, 2011) (collecting cases) ("[A]n in forma pauperis complaint that merely repeats pending or previously litigated claims may be dismissed under 28 U.S.C. § 1915(e)(2)(i) as frivolous or malicious."). And "[a] complaint is duplicative . . . if the claims,

---

[4] This information is available at the links listed in the prior footnotes.

3

parties and available relief do not significantly differ from an earlier-filed action." *Cummings*, 2011 WL 2745937, at *2 (citing *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)).

This case is duplicative of *MPawinayo v. Rothwell, et al.*, No. 3:21-cv-00915 (M.D. Tenn.). There, as here, the plaintiff filed a civil suit under Section 1983 seeking monetary relief based on challenges to the state criminal prosecutions he is currently facing in the First, Second, and Third Cases. And the six defendants named in the prior case included the two defendants named in this case (Detective Rothwell and the City of Nashville). Although the prior case included more wide-ranging allegations than this case, it encompassed this case's core allegations of wrongful arrest and malicious prosecution. Specifically, in the prior case, the plaintiff raised a false imprisonment claim related to his pending prosecutions, and the court dismissed it with prejudice as untimely. *Id.*, Doc. No. 6 at 12–14 (M.D. Tenn. Feb. 14, 2022). He also raised claims of malicious prosecution and fabrication of evidence, and the court dismissed them without prejudice as premature because his pending prosecutions had not been terminated in his favor. *Id.*, Doc. No. 6 at 11–12 (discussing *McDonough v. Smith*, 139 S. Ct. 2149, 2159 (2019)). Importantly, for the purpose of this "duplicative litigation" analysis, the facts requiring dismissal of the plaintiff's premature claims in the prior case were unchanged when he filed this case—then and now, the plaintiff's cases were and are still pending in the Davidson County Criminal Court. *See Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 261 (6th Cir. 2019) (explaining that a malicious prosecution claim brought in the later of two separate cases is not duplicative if, unlike here, the claim was unripe when the earlier case was filed and became ripe before the later case was filed). Given this overlap in allegations, causes of action, parties, and requested relief, this case is duplicative of Case No. 3:21-cv-00915. This case, therefore, will be dismissed as frivolous.

In the prior case, the court explained the proper way for the plaintiff to pursue his concerns about the allegedly improper investigation of his pending charges, and the court will repeat that explanation here for the plaintiff's benefit: "The proper approach in our federal system generally is for a criminal defendant who believes that the criminal proceedings against him rest on knowingly fabricated evidence to defend himself at trial and, if necessary, then to attack any resulting conviction through collateral review proceedings." *MPawinayo*, Doc. No. 6 at 12 (quoting *McDonough*, 139 S. Ct. at 2159). In other words, if the pending Davidson County prosecutions end in the plaintiff's favor, or if "a resulting conviction [is ultimately] invalidated within the meaning of *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)],"[5] then the plaintiff will have "a complete and present cause of action" for claims of malicious prosecution and fabrication of evidence. *McDonough*, 139 S. Ct. at 2158 (citations omitted). At that time, the plaintiff may bring those claims in a Section 1983 suit, if he so desires.

### III. Conclusion

For these reasons, the plaintiff's application to proceed as a pauper will be granted and this case will be dismissed as frivolous because it is duplicative of *MPawinayo v. Rothwell, et al.*, No. 3:21-cv-00915 (M.D. Tenn.). Because this case is frivolous, the court will certify that any appeal in this matter would not be taken in good faith. 28 U.S.C § 1915(a)(3).

An appropriate order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge

---

[5] Under *Heck*, "a [Section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87.